# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-31-TLS |
| | ) | |
| LINDA ZIMMERMAN | ) | |

## OPINION AND ORDER

Defendant Linda Zimmerman pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1349 and 1341. The probation officer drafted a Presentence Investigation Report (PSIR) in preparation for sentencing. This Opinion and Order resolves the Defendant's pending objection to the PSIR.

## BACKGROUND

The Defendant and her husband, co-Defendant Dean Zimmerman (Dean), conspired to sell stolen property on the Internet website, eBay. The Defendant was charged with conspiracy to commit mail fraud (Count 1), conspiracy to commit wire fraud (Count 2), conspiracy to defraud the United States (Count 30), and mail fraud (Counts 4–7). On February 10, 2017, the Defendant entered a plea of guilty to Count 1 of the Indictment. Pursuant to the terms of a Plea Agreement, the Government agreed to dismiss the remaining counts in the Indictment at the time of sentencing.

The PSIR includes a two-level enhancement to the base offense level on the grounds that the Defendant committed the offense through mass-marketing. *See* U.S.S.G. § 2B1.1(b)(2)(A)(ii) (providing for increase in base offense level if the offense "was committed through mass-marketing"). The probation officer's basis for applying the enhancement is set forth in paragraph

38 of the PSIR and the Addendum to the PSIR [ECF No. 92]—essentially, that the Defendant actively participated in the conspiracy by sorting, packing, and shipping the stolen property to the eBay customers, and that she shared in the profits of the scheme. (*See* Addendum 1–2, ECF No. 92.)

The Defendant filed a Sentencing Memorandum [ECF No. 98] in which she objects to the enhancement, claiming that any mass-marketing she committed was directed towards the buyers on the eBay website, who were not the victims of the scheme. Thus, the Defendant argues that the enhancement is inappropriate. In support of her contention that the enhancement applies only to situations where the targets of the mass-marketing are in some way victims of the scheme, the Defendant cites to Second and Eighth Circuit case law. *See United States v. Lacey*, 699 F.3d 710, 714 (2nd Cir. 2012); *United States v. Miller*, 588 F.3d 560, 568 (8th Cir. 2009).

The Defendant further argues that she was a minor participant in the conspiracy because she was was responsible only for boxing up the products, creating shipping labels, and sending the products to the purchasers, and she did not share directly in any proceeds of the business. The Defendant claims "[i]t was several months into the conspiracy before [she] actually knew what was going on." (Def.'s Sentencing Memo. 3, ECF No. 98.) Accordingly, the Defendant argues that she did not utilize any mass-marketing during her involvement in the conspiracy.

The Government takes the position that case law demonstrates the enhancement applies in this case and that there is sufficient evidence in the record to apply the enhancement.

## ANALYSIS

As relevant here, U.S.S.G. § 2B1.1(b)(2)(A)(ii) provides for a two-level enhancement if a defendant committed the offense through mass-marketing. The Guidelines commentary explains

that "mass-marketing" means "a plan, program, promotion, or campaign that is conducted through solicitation by telephone, mail, the Internet, or other means to induce a large number of persons to (i) purchase goods or services . . . ." U.S.S.G. § 2B1.1, cmt. n.4(A).

The Court turns first to the Defendant's argument that the mass-marketing here was targeted towards the buyers on eBay and not towards victims of the scheme, UTEC and Paypal. The Court finds that by posting, selling, and shipping products for sale, the Defendant represented to customers that she and/or Dean were the rightful owner of the property and had the authority to convey legitimate ownership of the property to the buyers. Over the course of the four-year operation of the fraudulent business, each potential and actual purchaser of the stolen merchandise was deceived into believing that they were bidding on and purchasing the property legitimately, when instead, they were purchasing stolen property at a markup. Accordingly, each buyer was subjected to a fraudulent transaction and had the potential to suffer monetary loss if the true owner of the property staked his/her claim. There are also consequences concerning the warranties for the parts purchased by the buyers—because these parts were stolen, buyers may be unable to exercise the same rights as purchasers of non-stolen parts, which they believed they had when they bought the products.

Furthermore, upon review of Seventh Circuit case law, the Court finds that *United States v. Heckel* is instructive, due to its factual similarity to this case. 570 F.3d 791 (7th Cir. 2009). The defendant in *Heckel* used two Internet auction websites to list items he had for sale, accepted the highest bid per item, cashed the check sent to him by the winning bidder, and shipped to the bidder an inferior product to the one advertised on the website. Similarly, here, the Defendant conspired to hold out items for sale as legitimate products, cash the proceeds of sales, and ship a fraudulently obtained item. The Seventh Circuit held that the enhancement applied in *Heckel*

because "[u]se of the Internet to advertise and conduct an auction . . . exposes more consumers to the fraud than otherwise would have been possible." *Id.* at 795. Likewise, the Defendant in this case induced a large number of people to purchase stolen property with the intent to obtain money from those induced.

Though the Defendant argues that she was minimally involved in the scheme and may not have known the complete details of Dean's actions, pursuant to U.S.S.G. § 1B1.3(a)(1), in a case of jointly undertaken criminal activity, each defendant is responsible for all "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, even if not charged as a conspirator." *United States v. Green*, 648 F.3d 569, 576 (7th Cir. 2011) (citations omitted). Here, the Defendant was aware of the business operation for at least 2.5 years; in fact, she was listed as an officer of the company. She confirms that she knew the business was operated through eBay and she was in charge of sorting through the inventory and shipping the packages. The Defendant also confirmed that she knew Dean went to the warehouse from the "area in the back" (PSIR ¶ 33), and that though she did not know it was illegal, she figured it out over time. (*Id.* at ¶ 77.) Dean confirmed that Linda knew that the parts being sold on eBay were stolen from UTEC. (*Id.* at ¶ 32.)

Finally, though the Defendant argues that she did not profit from the conspiracy, the Court finds her contention unconvincing. The Defendant has not been employed since 2013 and thus, her quality of life and standard of living were impacted by the company's proceeds. She was married to Dean and filed joint tax returns. She maintains that her primary financial support came from Dean, and thus, any proceeds from the conspiracy were used to support her, her family, and the home.

Therefore, the Court finds that the Defendant committed the offense through mass-marketing, and the two level enhancement under § 2B1.1(b)(2)(A)(ii) is appropriately applied.

At the time of sentencing, the Court will consider arguments by the Defendant concerning her role in the offense as a part of the Court's 18 U.S.C. § 3553(a)(2) sentencing factors.

## CONCLUSION

For the reasons stated above, the Defendant's objection to the PSIR is OVERRULED. At the time of sentencing, the Court will address the Defendant's Memorandum [ECF No. 109], in which the Defendant requests a variance in consideration of 18 U.S.C. § 3553(a)(2) sentencing factors.

SO ORDERED on October 27, 2017.

                                           s/ Theresa L. Springmann
                                           CHIEF JUDGE THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT